UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DONNIE R. STEPHENS                                                    PETITIONER

v.                                          CIVIL ACTION NO. 1:16-CV-P106-GNS

AARON SMITH, WARDEN                                                  RESPONDENT

### MEMORANDUM OPINION

On June 24, 2016, Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1).  He also filed a motion for leave to proceed without prepayment of fees  (DN 3).  By Order entered August 3, 2016 (DN 5), this Court denied Petitioner's motion for leave to procced without prepayment of fees and ordered him to tender the $5.00 filing fee to the Clerk of Court within 30 days from the date of entry of the Order.  The Order warned Petitioner that failure to comply with the Order within the time allowed would result in dismissal of this action.  Also on August 3, 2016, this Court entered an Order (DN 6) ordering Petitioner to file within 30 days of entry of the Order redacted copies of certain attachments and exhibits that he filed with his § 2241 petition.  Over 30 days have passed since the entry of these Orders, and Petitioner has not complied with the Orders or taken any action on the Orders.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a

case.  *Id.* at 110.  "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110).  "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution."  *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Petitioner has failed to comply with straightforward Orders of this Court (DNs 5 & 6) or take any action in response to the Court's Orders, the Court concludes that he has abandoned any interest in prosecuting this action.  Therefore, the Court will dismiss the action by separate Order.

Date:   September 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Petitioner, *pro se*
        Respondent
4415.003

2