UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DONNIE R. STEPHENS                                          PETITIONER

v.                                       CIVIL ACTION NO. 1:16CV-P106-GNS

AARON SMITH, WARDEN                                         RESPONDENT

<u>**MEMORANDUM OPINION**</u>

Petitioner Donnie R. Stephens filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1) which is before the Court.

**I.**

Stephens is presently incarcerated at Kentucky State Reformatory.  On January 11, 2011, the Russell County Attorney filed an action for Juvenile Dependency, Neglect and Abuse regarding his three minor children.  *See D.R.S. v. Commonwealth of Kentucky*, No. 2014-CA-001018-ME, 2015 WL 2445069 (Ky. Ct. App. May 22, 2015).  The action was based on evidence that Stephens had "raped and fondled" one of his children and "fondled" another of his children.  *Id.*  On November 16, 2011, he received a final sentence after having pled guilty in Russell Circuit Court to Rape, Second Degree and Unlawful Transaction with a Minor, First Degree.  *Id.*  Stephens received a twelve-year sentence.  *Id.*

On January 19, 2012, the maternal great aunt and her husband were granted permanent custody of Stephens' three children.  *Id.*  On April 10, 2014, the Russell Family Court vacated an order of June 26, 2013, regarding a report about the possibility of contact between Stephens and his children and overruled his request for visitation and telephone contact.  *Id.*  Stephens appealed the denial of his motion for telephone and letter contact with his minor children to the Kentucky Court of Appeals.  *Id.*  The Kentucky Court of Appeals affirmed the decision of the

trial court.  *Id.*  Discretionary review of the matter was denied by the Kentucky Supreme Court on June 8, 2016.

In the present § 2241 petition, Stephens challenges the state court denial of non-physical contact with his minor children.  He raises two grounds for relief.  First, he asserts that denying him letter and telephone contact with his minor children violates the Sixth and Fourteenth Amendments.  Second, he asserts that the trial court "abused its discretion in denying non-physical contact with-out a proper hearing when parent retain parental rights."  He requests this Court to "[r]emand back for a properly held hearing to determine in an evidentiary style proceed whether [Stephens] is entitled to non-physical contact where [Stephens] has followed all recommendations of trial court order of conviction including (SOTP) treatment."

## II.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*" *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l.*, 556 F.3d 459, 465 (6th Cir. 2009). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.

Title 28 United States Code § 2241(c) states, in relevant part, as follows:

The writ of habeas corpus shall not extend to a prisoner unless- (1) He is in custody under or by color of the authority of the United States . . . ; (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c). In the present case, Stephens is not in custody under the authority of the United States nor is he in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States. Further, he does not contend that he is in custody in violation of the Constitution or laws or treaties of the United States. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Peyton v. Rowe*, 391 U.S. 54, 58 (1968) ("The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny. . . . It assures . . . that a prisoner may require his jailer to justify the detention under the law."); *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (stating that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose"). Habeas relief "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d at 935. Stephens is not challenging the legality of his custody nor does he seek release from custody. Therefore, a writ of habeas corpus is not available to him, and his petition for such will be denied on this basis.

Further, this action must also be dismissed because it seeks to involve the federal court in a domestic relations matter best left to the states. "Domestic relations is 'a traditional area of

3

state concern.'" *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citation omitted).  The

Supreme Court has long held that federal courts have no jurisdiction to hear domestic relations

matters.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that the domestic

relations exception "divests the federal courts of power to issue divorce, alimony, and child

custody decrees"); *Lehman v. Lycoming Cty. Children's Servs.*, 458 U.S. 502, 510-11 (1982)

(holding that federal habeas corpus jurisdiction under 28 U.S.C. § 2254 could not be invoked

where a state had obtained custody of children and terminated the parental rights); *Ex parte

Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of a husband

and wife, parent and child, belongs to the laws of the states, and not to the laws of the United

States").  "Even when brought under the guise of a federal question action, a suit whose subject

is domestic relations generally will not be entertained in a federal court."  *Firestone v. Cleveland

Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).

The Sixth Circuit discussed the domestic-relations exception in two recent cases,

*Alexander v. Rosen*, 804 F.3d 1203 (6th Cir. 2015) and *Chevalier v. Estate of Barnhart*,

803 F.3d 789 (6th Cir. 2015).  The Sixth Circuit clarified that the domestic-relations exception

applies only to a "narrow range" of cases, *Chevalier v. Estate of Barnhart*, 803 F.3d at 795, and

it does not apply "unless 'a plaintiff positively sues in federal court for divorce, alimony, or child

custody,' or seeks to modify or interpret an existing divorce, alimony, or child-custody decree."

*Chevalier v. Estate of Barnhart*, 803 F.3d at 796 (quoting *Catz v. Chalker*, 142 F.3d 279, 292

(6th Cir. 1998)).  "When analyzing the applicability of the domestic-relations exception, we must

focus on the remedy that the plaintiff seeks:  Does the plaintiff seek an issuance or modification

or enforcement of a divorce, alimony, or child-custody decree?"  *Id.* at 797.

Turning to the relief sought by Plaintiff in the instant case, he requests this Court to "[r]emand back for a properly held hearing to determine in an evidentiary style proceed whether [Stephens] is entitled to non-physical contact where [Stephens] has followed all recommendations of trial court order of conviction including (SOTP) treatment."  Stephens contends that the Kentucky family court improperly denied him non-physical contact with his children, and he wants this order, which apparently was part of the child custody action, to be changed.  *See* DN 1-1, p. 3.  To award such relief would require this Court to entangle itself in questions of state family law.  This Court would have to apply Kentucky child custody law and question the state family court's no-contact determination.  These considerations are what the domestic-relations exception was designed to prevent.  *See Chevalier v. Estate of Barnhart*, 803 F.3d at 794 ("[T]here are sound policy reasons to leave the issuance of divorce, alimony, and child-custody decrees to the state courts.").  The Court therefore concludes that the domestic-relations exception applies to this case, leaving this Court without jurisdiction.

Finally, federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct a state court decision.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The Sixth Circuit explained this *Rooker-Feldman* doctrine as follows:

> That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court.  A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.

*United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 781 (6th Cir. 2005) ("The *Rooker-Feldman* doctrine maintains the

jurisdictional distribution in the federal courts by insuring that the federal district courts exercise only original jurisdiction."); *Howard v. Whitbeck*, 382 F.3d 633, 638 (6th Cir. 2004) ("The *Rooker-Feldman* doctrine . . . bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court.").

Because "[f]ederal jurisdiction over appeals from state courts is vested exclusively in the United States Supreme Court by 28 U.S.C. § 1257," *Johnson v. Ohio Supreme Court*, 156 F. App'x at 781, Plaintiff's request for this Court to remand this action back to the family court must be dismissed for lack of subject-matter jurisdiction.

## Certificate of Appealability

Before Stephens may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

6

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable.  A certificate of appealability must, therefore, be denied.

For the reasons stated herein, the Court will deny the § 2241 petition and dismiss this action.

Date:  March 15, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc:      Petitioner, *pro se*
         Respondent
4416.003